# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 17-4329 PA (PLAx) | Date | September 5, 2017 |
|---|---|---|---|
| Title | NextPat, Ltd. v. NextEngine, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Remand (Docket No. 19) filed by Plaintiff NextPat, Ltd. ("NextPat"). Defendant NextEngine, Inc. ("NextEngine") has filed an Opposition. (Docket No. 22.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for August 14, 2017, is vacated, and the matter taken off calendar.

## I. Background

NextPat filed this action on May 10, 2017, in Los Angeles County Superior Court, Case No. BC660870. According to the Complaint, NextPat and NextEngine are parties to a June 2, 2008 Assignment and Licence Agreement (the "2008 Assignment"). (Notice of Removal, Ex. 1 ("Compl."), ¶ 10.)[1/] Pursuant to the 2008 Assignment, NextEngine transferred the rights, title and interest in its patents, trademarks, copyrights, domain names (the "Intellectual Property Rights") to NextPat. (Id., ¶¶ 10-11). NextPat then granted back to NextEngine an exclusive license to use the Intellectual Property Rights. (Id. ¶ 12.) The license was irrevocable so long as NextEngine did not default in it payment obligations under the 2008 Note. (Id.) If the license became revocable, NextPat could elect to terminate the license upon written notice to NextEngine. (Id.)

In January 2015, NextEngine defaulted under the 2008 Note, and failed to make the payments necessary to prevent the license from becoming revocable. (Id., ¶¶ 16-18.) NextEngine's default ultimately resulted in an $8,223,486.00 judgment entered against it in a separate state court proceeding. (Id. ¶¶ 19-21.) NextPat then provided NextEngine with written notice terminating the license. (Id. ¶ 22.) Despite NextPat's notice of termination and subsequent cease and desist requests, Defendant has continued to use the Intellectual Property Rights. (Id. ¶¶ 24-25.)

NextPat initiated this action on May 10, 2017, by filing a Complaint in Los Angeles County Superior Court, asserting a single claim for declaratory and injunctive relief. On June 12, 2017,

---

[1/] The 2008 Assignment was executed in connection with a loan transaction (the "2008 Note") in which nonparty Bigfoot Ventures Ltd. loaned Defendant approximately $4,000,000.00. (Compl., ¶¶ 12-13, and Exhibit B thereto).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4329 PA (PLAx) | Date | September 5, 2017 |
|---|---|---|---|
| Title | NextPat, Ltd. v. NextEngine, Inc. | | |

NextEngine removed the action to this Court, alleging that federal subject matter jurisdiction exists over this action under the Court's federal question jurisdiction, 28 U.S.C. § 1331, and patent and trademark jurisdiction, 28 U.S.C. § 1338. Presently before the Court is NextPat's Motion to Remand, which asserts that this action must be remanded for a lack of subject matter jurisdiction.

**II.  Legal Standard**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). The bases for federal subject matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331, diversity of citizenship jurisdiction under 28 U.S.C. § 1332, and patent jurisdiction under 28 U.S.C. § 1338(a).

A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

**III.  Discussion**

As support for its invocation of federal jurisdiction, NextEngine asserts that because one of the forms of relief sought in Nextpat's Complaint is an injunction based on alleged patent and trademark infringement committed by NextEngine, the Complaint raises a substantial, disputed question of federal law.

The Supreme Court has "identified a 'special and small category' of cases in which arising under jurisdiction still lies" over claims originating in state law. Gunn v. Minton, 133 S. Ct. 1059, 1064–65, 185 L. Ed. 72 (2013). Such jurisdiction requires that "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met . . . , jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." Gunn, 133 S. Ct. at 1065, 185 L. Ed. 2d 72 (quoting Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313–14, 125 S. Ct. 2363, 2363, 162 L. Ed. 2d 257 (2005)). "[M]ere need to apply federal law in a state-law claim" is insufficient to open the "arising under" door. See Grable, 545 U.S. at 313, 125 S. Ct. 2363, 162 L. Ed. 2d 257. In the patent context, "§ 1338(a) jurisdiction likewise extend[s] only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4329 PA (PLAx) | Date | September 5, 2017 |
|---|---|---|---|
| Title | NextPat, Ltd. v. NextEngine, Inc. | | |

necessary element of one of the well-pleaded claims." Am. Tel. & Tel. Co. v. Integrated Network Corp., 972 F.2d 1321, 1323–24 (Fed. Cir. 1992) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808–09, 108 S. Ct. 2166, 2174, 100 L. Ed. 2d 811 (1988)).

Here, NextPat's claim for declaratory and injunctive relief sounds in contract: NextPat seeks a declaration that it has terminated the license it granted to NextEngine, and seeks to enjoin NextEngine from using the same Intellectual Property Rights which were the subject of the license. Courts regularly find that such contractual cases can be resolved without resolution of a federal question of patent law. See, e.g., In re Oximetrix, Inc., 748 F2d 637, 642 (Fed. Cir. 1984); AT&T Co. v. Integrated Network, 972 F2d 1321, 1324 (Fed. Cir. 1992).

Even assuming that NextPat's claim for injunctive relief raises a federal issue, NextEngine has failed to meet its burden to demonstrate that the federal issue is actually disputed. NextEngine raises two arguments as to why the injunctive relief request requested in the Complaint presents a federal issue that is actually disputed. First, NextEngine conclusorily asserts that "[i]nfringement is disputed." (Opp'n, 12.) Beyond this conclusory assertion, NextEngine fails to demonstrate how infringement is, or will be, actually disputed in this action. For example, NextEngine could have identified one of its products that does not practice any portion of the Intellectual Property Rights, but NextPat nonetheless seeks an injunction against. NextEngine's conclusory allegations fail to demonstrate a hypothetical dispute, much less an actual one.

Second, NextEngine contends that the Complaint inadequately pleads a claim for infringement. (Opp'n, 12-14.) This argument is not well taken. The Complaint alleges only a claim for declaratory and injunctive relief; it makes no attempt at stating a claim for patent or trademark infringement. As the proponent of federal subject matter jurisdiction, it is NextEngine, and not NextPat, who contends the Complaint raises an issue of federal law. Accordingly, any purported deficiency in alleging such un-pleaded claims not only cannot be interpreted as demonstrating that a substantial federal issue is raised or disputed, but cuts against the exercise of federal jurisdiction.

Additionally, NextEngine asserts that consideration of the traditional injunctive relief factors, see eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391, 126 S. Ct. 1837, 1839, 164 L. Ed. 2d 641 (2006), presents an issue of federal law in and of itself. (Opp'n, 10-11.) The Court rejects this argument, as it would create federal subject matter jurisdiction over any complaint asserting a right to injunctive relief. Moreover, "[w]hen a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Rains v. Criterion Sys., Inc., 80 F.3d 339, 346 (9th Cir. 1996). Because an injunction is an available remedy under California law, see Cal. Civ. Code § 527, federal law is not a necessary element of the injunctive relief claim.

Finally, with respect to the third and fourth Grable factors, the federal issues presented by NextPat's Complaint, to the extent there are any, are not substantial, and exercising federal jurisdiction over a breach of contract claim may "materially affect, or threaten to affect, the normal currents of litigation." See Grable, 545 U.S. at 319, 125 S. Ct. 2363, 162 L. Ed. 2d 257.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4329 PA (PLAx) | Date | September 5, 2017 |
|---|---|---|---|
| Title | NextPat, Ltd. v. NextEngine, Inc. | | |

## **Conclusion**

Based on the foregoing, the Court concludes that NextEngine has not met its burden of establishing the existence of the Court's subject matter jurisdiction. Accordingly, NextPat's Motion to Remand is granted. This action is hereby remanded to Los Angeles County Superior Court, Case No. BC660870, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.